UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON CASE, on behalf of himself and
those similarly situated,

      Plaintiff,

vs.                            CASE NO.: _____

DANOS AND CUROLE MARINE
CONTRACTORS, L.L.C., a Louisiana
Limited Liability Company,

      Defendant.

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, JASON CASE ("Case" or "Plaintiff"), on behalf of himself and other "Vessel Inspector" employees and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendant, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C. ("DANOS" or "Defendant") and states as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and other similarly situated current and former "Vessel Inspector" employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION

2.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court because Defendant maintains its principle place of business in this District, and a substantial portion of the acts and omissions giving rise to the instant claims occurred in this District.

**PARTIES**

6. At all times material hereto, Plaintiff was a resident of Theodore, Alabama.

7. Further at all times material hereto, Plaintiff was a non-exempt "Vessel Inspector" and performed related activities for Defendant in Louisiana, Mississippi, Florida and Alabama.

8. At all times material hereto Defendant, DANOS, was, and continues to be a Louisiana Limited Liability Company.

9. At all times material hereto, Defendant, DANOS, was, and continues to be, engaged in business in Louisiana, with a place of business in Larose, Louisiana.

**COVERAGE**

10. At all times material hereto Plaintiff was Defendant's "employee" within the meaning of the FLSA.

11. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

12. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

14. Specifically, at all material times hereto, Defendant operated in multiple states, including Louisiana, Mississippi, Alabama and Florida, simultaneously.

15. At all times material hereto, Defendants was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in maintaining instrumentalities of commerce.

17. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

18. At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

19. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including computers, hand tools, and motor vehicles.

20. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because he worked directly on instrumentalities of commerce.

## STATEMENT OF FACTS

21. Plaintiff was employed by Defendant as a "Vessel Inspector."

22. Plaintiff worked in this capacity from approximately July 2012, through July 2013.

23. Plaintiff, and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

24. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty in a workweek, for the vast majority of their overtime hours worked.

25. Notwithstanding Defendant's recognition that Plaintiff was entitled to be paid overtime premiums when he worked over 40 hours per work week, as evidenced by its partial payment of overtime for a small number of overtime hours worked, Defendant willfully failed to pay Plaintiff for the majority of his overtime hours worked.

26. Defendants have employed and continue to employ other individuals as "Vessel Inspectors" who performed and/or continue to perform the same or similar job duties under the same pay provision as Plaintiff.

27. From at least December 2011, and continuing to date, Defendants have violated Title 29 U.S.C. §207, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendants;

    b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for the majority of hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

28. Plaintiff has retained the law firms of LOCOCO & LOCOCO, P.A. and MORGAN

& MORGAN, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the class members were all "Vessel Inspectors" and performed the same or similar job duties as one another in that they inspected vessels utilizing Defendant's standardized checklists and procedures.

30. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all salary-paid, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

31. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "Vessel Inspectors" are/were paid for overtime hours worked based on the Defendant's erroneous misclassification of its "Vessel Inspector" employees as exempt from overtime.

32. This policy or practice was applicable to Plaintiff and the class members.

33. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "Vessel Inspectors" who worked for Defendant nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

34. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

35. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

36. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

37. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

38. Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

39. To the extent accurate records of Plaintiff's and the class members' work hours exists, they are solely in the possession of the Defendant.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

40. Plaintiffs reallege and reaver paragraphs 1 through 39 the Complaint as if fully set forth herein.

41. From at least December, 2011, and continuing July 2013, Plaintiff worked hours in excess of the forty (40) hours per week, for which Plaintiff was not compensated at the statutory

rate of one and one-half times Plaintiff's regular rate of pay.

42. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

44. To date, Defendant continues to fail their "Vessel Inspector" employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

45. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

46. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

47. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of liquidated damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 8, 2014.

Respectfully submitted,
JASON CASE, PLAINTIFF

BY:  /s/ Virginia LoCoco
Virginia LoCOCO, LA Bar No. 18307
LoCoco and LoCoco, P.A.
10243 Central Avenue
Post Office Box 6014
D'Iberville, MS   39540
Telephone: (228) 392-3799
Fax:    (228) 392-3890
virginia.lococo@lococolaw.com

                              Virginia L. LoCoco, Bar #18307
                              Joseph A. LoCoco, Bar #17305
                              LoCoco and LoCoco, P.A.
                              Post Office Box 6014
                              10243 Central Avenue
                              D'Iberville, MS  39540
                              Tel. (228) 392-3799
                              Fax (228) 392-3890
                              virginia.lococo@lococolaw.com
                              joseph.lococo@lococolaw.com

**AND**

                              Andrew R. Frisch[1]
                              MORGAN & MORGAN, P.A.
                              600 N. Pine Island Road, Suite 400
                              Plantation, Florida 33324
                              Tel: (954) 318-0268
                              Fax: (954) 327-3013
                              **afrisch@forthepeople.com**

---

[1] Frisch intends to seek Pro Hac Vice admission shortly.