UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASE NO: 14-cv-02775
SECTION "J"  (2)

| | |
|---|---|
| JASON CASE, on behalf of himself and those similarly situated, | CASE NO: 2:14-cv-02775-CJB-JCW |
| Plaintiff, | |
| vs. | Judge Carl Barbier<br>Magistrate Judge Joseph C. Wilkinson |
| DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., a Louisiana Limited Liability Company, | |
| Defendant._____/ | |
| LISA BRAGG, on behalf of herself and those similarly situated, | CASE NO: 2:14-cv-02976-CJB-JCW |
| Plaintiff, | |
| vs. | Judge Carl Barbier<br>Magistrate Judge Joseph C. Wilkinson |
| DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., a Louisiana Limited Liability Company, | |
| Defendant._____/ | |

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION AND FOR AN ORDER PERMITTING COURT-SUPERVISED NOTICE OF THIS ACTION TO POTENTIAL OPT-IN PLAINTIFFS AND INCORPORATED BRIEF**

Plaintiff, JASON CASE, on his own behalf and on behalf of those similarly situated ("Plaintiff" or "Plaintiffs"), requests the entry of an Order: (1) permitting conditional certification of this collective action; and (2) authorizing, under court supervision, notice to all

1

similarly situated employees who were employed by Defendant, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., ("DANOS" or "Defendant").  The putative class, to which Plaintiff seeks to facilitate notice, consists of individuals who:

> **(a)  were day-rate paid Vessel Inspector employees at any time during the last three years; and**
> **(b) were subjected to Defendant's illegal pay practice of failing to pay full and proper time and one half overtime compensation for *all* hours worked in excess of forty 40 in a workweek.**

Plaintiff requests conditional certification in the instant matter and states as follows:

As stated in Plaintiff's Complaint, Plaintiff was a day-rate paid Vessel Inspector employed by Defendant and is authorized by the FLSA to sue on his own name on behalf of himself and other employees similarly situated.  The representative class consists of all current and former Vessel Inspectors who worked for Defendant at any time within the last three (3) years, and who were subjected to Defendant's illegal practice of not paying full and proper time and one half overtime compensation for all overtime hours worked. As a result of such unlawful compensation practices, each Vessel Inspector did not receive full and proper payment of time and one half of their regular rate of pay for all hours worked over 40 in one or more workweeks for Defendant.  Simply put, all other Vessel Inspectors are owed full and proper payment of overtime wages and the right to participate in this litigation.

Defendant has acted or refused to act on common grounds applicable to Vessel Inspectors thereby making the identical relief appropriate with respect to their current and former Vessel Inspectors as a whole.  Moreover, the common questions of law and fact predominate over any questions affecting only Plaintiff, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the representatives described above and the named Defendant.  And, although the class of current and former Vessel

Inspectors is identified and certain, the individual members of the class cannot be completely identified and notified of their right to join this action absent access to Defendant's records.

## VII. CONCLUSION

A primary reason for conditionally certifying an FLSA collective action is to ensure the joining of the other parties occurs in an orderly, sensible, efficient and proper way. *See* Plaintiff's Memorandum in Support of its Motion for Collective Action attached as **EXHIBIT A**. Here, Plaintiff has demonstrated through copious and competent evidence that the orderly, sensible efficient and proper way to address the similar claims of the similarly situated Vessel Inspector employees is through an FLSA collective action.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's request for Court authorization to provide: (1) Defendant produce to Plaintiff a list of all similarly situated Safety Technicians within the last three years, (2) the proposed "Notification" letter, attached as **EXHIBIT B** to be sent to all similarly situated employees; and (3) the proposed "Notice of Consent to Join" form, attached as **EXHIBIT C**, which similarly situated employees can complete, sign, and file with the Court.

Respectfully submitted this 25th day of March, 2015.

**/s/ ANDREW R. FRISCH**
Andrew R. Frisch, Esquire
FBN 27777
Morgan & Morgan, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Telephone:   (954) WORKERS
Facsimile:   (954) 327-3013
Email: AFrisch@forthepeople.com

Virginia L. LoCoco, Bar #18307
Joseph A. LoCoco, Bar #17305
LoCoco and LoCoco, P.A.
Post Office Box 6014
10243 Central Avenue
D'Iberville, MS 39540
Tel. (228) 392-3799
Fax (228) 392-3890
E-mail: virginia.lococo@lococolaw.com
E-mail: joseph.lococo@lococolaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25th, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which I understand will transmit this document to all counsel of record.

                                                  **/s/ ANDREW R. FRISCH**
                                                  Andrew R. Frisch, Esquire

**PLAINTIFF'S ATTACHMENTS TO MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION**

Ex. A,  Plaintiff's Memorandum in Support of Plaintiff's Motion for Conditional Certification

Ex. B,  Plaintiff's Proposed Class Notice

Ex. C,  Plaintiff's Proposed Class Consent to Join Form

Ex. D,  Declaration of Jason Case

Ex. E,  Declaration of Andrew Cambre

Ex. F,   Declaration of Murry Steven perrigan

Ex. G,  Danos Brochure

Ex. H, Unpublished Decisions Cited in Plaintiff's Memorandum In Support of Motion for Conditional Class Certification

Akins v. Worley Catastrophe Response, LLC.,  2013 WL 1412371 (E.D. La. April 8, 2013)

Anglada v. Linens 'N Things, Inc, 2007 WL 1552511 (S.D.N.Y.  May 29, 2007)

Baricuatro v. Industrial Personnel and Management Services, Inc., 2012 WL 5472302 (E.D. La. Nov. 9, 2012)

Brown v. Discrete Wireless, Inc., 2014 WL 6607006 (M.D. Fla. Nov. 19, 2014)

Casanova v. Gold's Texas Holdings Group, Inc., 2014 WL 6606573 (W.D. Tex. Nov. 19, 2014)

Collado v. J & G Transport, Inc., 2014 WL 5390569 (S.D. Fla. Oct. 23, 2014)

Crowley v. Paint & Body Experts of Slidell, Inc., 2014 WL 2506519 (E.D. La. June 3, 2014)

Donohue v. Francis Services, Inc., 2004 WL 1161366 (E.D. La. May 24, 2004)

Foraker v. highpoint Southwest Services, L.P., 2006 WL 2585047 (S.D. Tex. Sept. 7, 2006)

Gee v. Suntrust  Mortg., Inc., 2011 WL 722111 (N.D Cal. Feb. 18, 2011)

Goldman v. Radioshack Corporation, 2003 WL 21250571 (E.D. Pa. April 16, 2003)

Ex. I, Unpublished Decisions Cited in Plaintiff's Memorandum In Support of Motion for Conditional Class Certification

Hargrove v. Ryla Teleservices, Inc., 2012 WL 463442 (E.D. Va. Feb. 13, 2012)

Henry v. Quicken Loans, Inc., 2006 WL 2811291 (E.D. Mich. Sept. 28, 2006)

In re Deloitte & Touche, LLP Overtime Litigation, 2012 WL 340114 (S.D.N.Y. Jan. 17, 2012)

In re Wells Fargo Wage and Hour Employment Practices Litigation, 2013 WL 2180014 (S.D. Tex. May 17, 2013)

Kidd v. Mathis Tire and Auto Service, Inc., 2014 WL 4923004 (W.D. Tenn. Sept. 18, 2014)

Kreher v. City of Atlanta, 2006 WL 7398272 (N.D. Ga. March 20, 2006)

Kuperman v. ICF International, 2008 WL 4809167 (E.D. La. Nov. 3, 2008)

Lackey v. SDT Waste & Debris Services, LLC., 2011 WL 6329909 (E.D. La Dec. 19, 2011)

Lewis v. Huntington National Bank., 2011 WL 8960489 (S.D. Ohio June 20, 2011)

Lopez v. Sam Kane Beef Processors, Inc., 2008 WL 565115 (S.D. Tex. Feb. 29, 2008)

Maynor v. Dow Chemical Company., 2008 WL 2220394 (S.D. Tex May 28, 2008)

Melson v. Directtech Southwest, Inc., 2008 WL 2598988 (E.D. La June 25, 2008)

Ex. J, Unpublished Decisions Cited in Plaintiff's Memorandum In Support of Motion for Conditional Class Certification

Morden v. T-Mobile USA, Inc., 2006 WL 1727987 (W.D Wash. June 22, 2006)

Palma v. MetroPCS Wireless, Inc., 2014 WL 235478 (M.D. Fla. Jan. 22, 2014)

Perez v. City of New Orleans, 2014 WL 1365955 (E.D. La April 7, 2014)

Prejean v. O'Brien's Response Management, Inc., 2013 WL 5960674 (E.D. La Nov. 6, 2013)

Roussell v. Brinker International, Inc., 2008 WL 2714079 (S.D. Tex. July 9, 2008)

Sandel v. Fairfield Industries, Inc., 2014 WL 1379902 (S.D. Tex. April 8, 2014)

Scott v. Heartland Home Finance, Inc., 2006 WL 1209813 (N.D. Ga. May 3, 2006)

Wellman v. Grand Isle Shipyard, Inc., 2014 WL 5810529 (E.D. La. Nov. 7, 2014)

White v. Integrated Electronic Section Technologies, Inc., 2013 WL 2903070 (E.D. La. June 13, 2013)

Williams v. Bally's Louisiana, Inc., 2006 WL 1235904 (E.D. La. May 5, 2006)

Wilson v. Atlas Oilfield Const. Co., 2014 WL 4546954 (W.D. Tex. Sept. 12, 2014)