UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASE                                    CIVIL ACTION

VERSUS                                  NO: 14-2775
                                        c/w 14-2976

DANOS AND CUROLE MARINE                 SECTION: "J" (2)
CONTRACTORS, L.L.C.

## ORDER & REASONS

Before the Court are Plaintiffs Jason Case (Case) and Lisa Bragg (Bragg)'s *Motions for Conditional Certification of an FLSA Collective Action and for an Order Permitting Court-Supervised Notice of this Action to Potential Opt-In Plaintiffs and Incorporated Briefs* **(Rec. Docs. 35, 36)**, Defendant Danos and Curole Marine Contractors, LLC (Danos)'s oppositions thereto (Rec. Docs. 37, 38), and Plaintiffs' replies. (Rec. Docs. 43, 45) Based on the motion and memoranda of the parties, the record, and the applicable law, the motions should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This litigation comprises Plaintiffs' claims against Danos pursuant to the Fair Labor Standards Act (FLSA) regarding unpaid overtime wages. (Rec. Doc. 1, p. 6-7)[1] Plaintiffs allege that, following the B.P. oil spill, Danos contracted with B.P. to provide various employees, including Vessel Inspectors and

---

[1] Unless otherwise indicated, the record cites contained within this order pertain to case number 14-2775.

Safety Technicians, to assist with the clean-up efforts. (Rec. Doc. 35-1, p. 5 & Rec. Doc. 36-1, p. 5) Plaintiffs Case and Bragg assert that they assisted in these efforts as a salaried and non-exempt Vessel Inspector and Safety Technician, respectively. Id. Both plaintiffs allege that Danos failed to pay them and other similarly situated individuals the proper overtime wages, as required by the FLSA. Id. Plaintiffs allege that these groups of workers, the Vessel Inspectors and Safety Technicians, were working far in excess of forty hours per week, and that Danos unlawfully deprived them of proper overtime compensation. Id. As a result, Plaintiffs seek unpaid back wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorney's fees and costs. (Rec. Doc. 1, p. 2)

Case filed his Complaint on behalf of himself and other Vessel Inspector employees and former employees similarly situated on December 8, 2014. (Rec. Doc. 1, p.1) Thereafter, Bragg filed her Complaint on behalf of herself and other Safety Technician employees and former employees similarly situated on December 30, 2014. (No. 14-02976, Rec. Doc. 1, p.1) The Court consolidated the matters on January 13, 2015. (Rec. Doc. 9, p. 1) Both Plaintiffs subsequently filed Motions to Certify Class, which this Court denied as premature on February 25, 2015. (Rec. Doc. 26) Plaintiffs then filed the instant motions seeking

conditional certification of the collective actions and authorization, under court supervision, for notice to all similarly situated employees who were employed by Danos. (Rec. Doc. 35, p. 1-2; Rec. Doc. 36, p. 1-2) Specifically, Plaintiffs request Court authorization for: (1) Defendant to provide Plaintiffs with a list of all similarly situated hourly paid Vessel Inspectors and Safety Technicians within the last three years; (2) to send the proposed "Notification" letter to all similarly situated employees nationwide; and (3) to send the proposed "Notice of Consent to Join" form, which similarly situated employees can complete, sign, and file with the Court. (Rec. Doc. 35-1, p. 19; Rec. Doc. 36-1, p. 19)

## PARTIES' ARGUMENTS

Plaintiffs ask the Court to conditionally certify this collective action and authorize, under court supervision, notice to all similarly situated employees whom Danos employed. (Rec. Docs. 35, 36) Specifically, the putative class, to which plaintiffs seek to facilitate notice, consists of individuals who:

(a) Were day-rate [or salaried] Vessel Inspector [or Safety Technician] employees at any time during the last three years; and
(b) Were subjected to Defendant's illegal pay practice of failing to pay full and proper time and one half overtime compensation for all hours worked in excess of forty in a workweek. [2]

---

[2] Plaintiff Case seeks to certify a class of Vessel Inspectors in No. 14-2775, whereas Plaintiff Bragg seeks to certify a class of Safety Technicians in No.

In their motions, Plaintiffs largely make the same arguments with regards to their respective classes. They allege that there are common questions of law and fact that predominate over any questions that affect each employee individually. Plaintiffs therefore seek the Court's authorization to facilitate notice to each of the employees who worked as Safety Technicians or Vessel Inspectors for Danos within the last three years.

Plaintiffs argue that FLSA, 29 U.S.C. § 216(b), collective actions operate differently from a typical class action suit under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs argue that under Section 216(b), an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class action by filing written consent with the Court in order to be bound by the outcome of the case. Furthermore, they assert that trial courts have discretionary power to manage the process of joining multiple parties in an orderly manner, and the court's involvement in this notice process is inevitable in cases where a statute requires the written consent of a plaintiff to join an action. Plaintiffs further argue that this Court has previously endorsed a two-tiered approach to certification of an opt-in class pursuant to Section 216(b), whereby the court makes an initial determination, based upon the

---

14-2976. For brevity's sake, the Court combines the descriptions of the putative classes here, which are identical but for the job titles and use of the words "day-rate" versus "salaried."

pleadings and any declarations, of whether notice of the action should be given to potential class members. Because of the minimal level of evidence at this stage, the determination typically results in a conditional certification, and putative members are provided notice and opportunity to join the action. Thereafter, the case will then proceed as a collective action through discovery. Here, Plaintiffs assert that the Declarations and allegations within the Complaints have allowed each Plaintiff to exceed their burden to facilitate notice.

Further, Plaintiffs allege that this is not a case of first impression, and many courts have conditionally certified classes where the allegations were nearly identical those of the instant case. In addition, Plaintiffs stress that the merits of the claims are not considered at this stage when determining whether or not to grant notice. Similarly, Plaintiffs argue that courts do not consider discovery during the conditional certification stage, because it is unnecessary for the similarly situated determination.

Next, Plaintiffs argue that their proposed judicial notice is "timely, accurate, and informative" and should be adopted by the Court. Additionally, they request that they be able to email the class notice to all potential members within the defined classes in addition to mailing the same via first-class mail. Furthermore, Plaintiffs assert that a reminder notice is

appropriate, which should be sent at the half-way point in the Notice Period. Plaintiffs argue that notice within the three-year statute of limitations is appropriate in this case because the FLSA allows plaintiffs to collect damages within a three-year statute of limitations if they can show that the defendant's violation of the FLSA was "willful." The determination of whether Danos's alleged violations of the FLSA were willful is an issue that deals with the merits of the case, which the Court should not consider until after discovery. Finally, Plaintiffs argue that the Court should order Defendants to provide contact information for the class members in order to carry out notice, including a list of all putative class members' names, addresses, phone numbers, email addresses, and the last four digits of class members' social security numbers.

In opposition, Defendant argues that the Court should deny Plaintiffs' motions for conditional certification, because Plaintiffs have failed to sustain their burden of proving that they are similarly situated to other members of the purported class. (Rec. Docs. 37, 38) Defendant argues that the only similarity Plaintiffs have shown is that each of the proposed classes comprises employees with the same title who did not receive overtime compensation, which is insufficient to support conditional certification. Defendant insists that an employer's decision to classify a group of employees as exempt is

insufficient to show that those employees are similarly situated. Rather, determining whether employees are exempt under the FLSA is a fact-intensive inquiry. Here, the differences among those of the purported class predominate over the similarities. Members of the purported class worked at different locations in different states and under various supervisors. Thus, Defendants argue that the matters are not appropriate for conditional certification. (Rec. Doc. 37, pp. 6-8; Rec. Doc. 38, pp. 6-8)

Defendants further argue that, if the Court conditionally certifies the classes, the notice that Plaintiffs propose is "improper and must be reformed." (Rec. Doc. 37, p. 8; Rec. Doc. 38, p. 8) First, Defendants argue that the three-year statute of limitations period should be calculated from the date of the notice, rather than the date of the complaint, because the claims will not date back to the complaint. Second, Defendants contend that the proposed notice "does not accurately advise the potential plaintiffs regarding the legal effects of joining the lawsuit." (Rec. Doc. 37, p. 9; Rec. Doc. 38, p. 9) The notice does not clarify that those who opt in will be able to participate in the litigation only to the extent that the Court finds that they are similarly situated to Plaintiffs. Defendant suggests including the following language to clarify this ambiguity: "If you choose to join the lawsuit, your continued

right to participate in the lawsuit may depend on a later decision by the court that you and the Plaintiffs are 'similarly situated' employees in accordance with federal law." (Rec. Doc. 37, p. 9; Rec. Doc. 38, pp. 9-10) Third, Defendant asks the Court to set a forty-five-day opt-in period. Fourth, Defendant argues that it would be an improper "judicial encouragement to participate in the collective action" to permit a reminder notice to the putative class halfway through the opt-in period. (Rec. Doc. 37, p. 10; Rec. Doc. 38, p. 11) Fifth, Defendants assert that the proposed notice does not disclose the fee arrangement to which class members will have to agree to participate in the suit. Additionally, it fails to disclose that class members' potential obligation to pay Defendant's costs and expenses in the event Defendant prevails. Sixth, Defendant argues that the proposed anti-retaliation provision constitutes inappropriate solicitation. Defendant suggests that the Court adopt the following language in its place: "Federal law prohibits Defendant from firing you or in any way discriminating against you because you have joined in this lawsuit. Therefore, Defendant is prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this lawsuit. Participating in this lawsuit does not excuse current employees from complying with Defendant's existing policies and work rules." (Rec. Doc. 37, p. 13; Rec.

Doc. 38, pp. 12-13) Seventh, Defendant argues that notice by first-class mail is sufficient and, therefore, production of telephone numbers, email addresses, and partial social security numbers is inappropriate. Finally, Defendant asserts that the reference to the Buccaneers minimum wage litigation is inapplicable and should be removed.

In reply, Plaintiffs argue that they have met their burden for conditional certification, and that Defendant's proposed modifications to the notice are unnecessary and inappropriate. (Rec. Docs. 43, 45) Plaintiffs argue that they have shown that the proposed classes would include employees who were paid in the same fashion, performed similar duties to one another, worked overtime, and were not paid overtime. (Rec. Doc. 43, p. 2; Rec. Doc. 45, p. 2) Next, Plaintiffs argue that the Court should reject Defendant's proposed changes to the notice and reminder. First, Plaintiffs argue that the three-year period for notice should be calculated from the date of the complaint, with the understanding that Defendant may challenge some of the individual plaintiffs' actions as untimely. Second, Plaintiffs argue that the language Defendant seeks to have the Court add to the notice regarding the conditional nature of the class certification is confusing and unnecessary. Third, Plaintiffs seek a ninety-day opt-in period because potential plaintiffs are scattered across a broad geographical region and often travel

for work assignments.   Fourth, Plaintiffs argue that the Court should permit a reminder, because reminders are not unusual and serve the remedial purpose of the FLSA. Fifth, Plaintiffs contend that courts have repeatedly rejected the inclusion of language regarding class members' potential liability for costs, and that this Court should do so as well. Lastly, Plaintiffs insist that the production of telephone numbers and email addresses is necessary for the effectuation of notice.

### LEGAL STANDARD

Section 207 of the FLSA provides the mandatory parameters for overtime pay. 29 U.S.C. § 207. Section 216(b) of the FLSA affords workers a right of action for violations of these parameters. Id. § 216(b). Such workers may sue individually or collectively on behalf of "themselves and other employees similarly situated." Id. To participate in a collective action, each employee must "give[] his consent in writing" by notifying the court of his intent to opt in. Id. "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs." Lima v. Int'l Catastrophe Solutions, Inc., 493 F. Supp. 2d 793, 797 (E.D. La. 2007)(Fallon, J.). The notice must be "timely, accurate and informative." Id. (citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)).

Before disseminating notice to potential plaintiffs, a court must determine that they are "similarly situated." Basco v. Wal-Mart Stores, Inc., No. Civ.A.00-3184, 2004 WL 1497709, at *3 (E.D. La. July 2, 2004)(Duval, J.). Courts typically follow one of two approaches in certifying a class: the Lusardi or the Shushan approach.[3] Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). Although the U.S. Court of Appeals for the Fifth Circuit has not adopted one test over the other, district courts commonly employ the approach of Lusardi v. Xerox Corp., 122 F.R.D. 463 (D.N.J. 1988). Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 518-19 n.1 (5th Cir. 2010)("[W]e have not adopted any of the varying approaches for determining whether employees' claims are sufficiently similar to support maintenance of a representative action."); Lima, 493 F. Supp. 2d at 797. The Lusardi test comprises two stages. Acevedo, 600 F.3d at 519; Mooney, 54 F.3d at 1213. First, during the "notice stage," the court conducts an initial inquiry of "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." Acevedo, 600 F.3d at 519; accord

---

[3] The framework set forth in Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990) treats the Section 216(b) "similarly situated" collective action under Rule 23 of the Federal Rules of Civil Procedure class action factors: numerosity, commonality, typicality, and adequacy of representation. Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).

Mooney, 54 F.3d at 1213-14. Courts usually base this decision upon "the pleadings and any affidavits which have been submitted." Mooney, 54 F.3d at 1214. Because of the limited evidence available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Id. (footnote omitted). Although the standard is lenient, "it is by no means automatic." Lima, 493 F. Supp. 2d at 798. Once the court conditionally certifies the class, class counsel may provide notice to members of the putative class, who will then have the opportunity to opt in. Mooney, 54 F.3d at 1214. The case then proceeds through discovery as a representative action. Id. The second stage occurs when and if the defendant files a motion for decertification, "after discovery is largely complete and more information on the case is available." Acevedo, 600 F.3d at 519. The court then "makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." Id.

## DISCUSSION

### A.  Are Plaintiffs and the Putative Class Members "Similarly Situated"?

Neither the FLSA nor the Fifth Circuit provides a definition of "similarly situated." Prejean v. O'Brien's Response Mgmt., Inc., Nos. 12-1045, 12-1716, 12-1533, 2013 WL

12

5960674, at *4 (E.D. La. Nov. 6, 2013). Rather, the issue requires a fact-intensive, ad hoc analysis. Id. at *5; Kuperman v. ICF Int'l, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008). And, "[a]lthough the standard for satisfying the first step [under Lusardi] is lenient . . . the court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination [or a violation of the FLSA]." H&R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999)(internal quotations and citations omitted)(citing Mooney, 54 F.3d at 1214 & n.8). Courts determining whether plaintiffs have submitted substantial allegations of a single plan have looked to "whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted." Id. at 400. "At a minimum, there must be meaningful identifiable facts or legal nexus [that] bind the claims, so that hearing the cases together furthers the purposes of . . . § 216, is fair to both parties, and does not result in an unmanageable trial." Prejean, 2013 WL 5960674, at *5 (internal quotations and citations omitted)(quoting Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 535 (S.D. Tex. 2008); Simmons v. T-Mobile USA, Inc., No. H-06-1820, 2007 WL 210008, at *8 (S.D. Tex. Jan. 24, 2007)). However, "[c]ourts have repeatedly

13

stressed that [p]laintiffs must only be similarly—not identically—situated to proceed collectively." <u>Falcon</u>, 580 F. Supp. 2d at 534.

Here, each Plaintiff seeking conditional certification has alleged the existence of a common policy and a class of similarly situated employees. Further, they have provided affidavits in support of these allegations. Plaintiff Case provides his own affidavit and that of two additional plaintiffs who worked as Vessel Inspectors in support of his motion. Each affidavit reveals that the affiant worked for Danos as a Vessel Inspector, witnessed other Vessel Inspectors performing substantially the same duties as their own, received a day-rate, regularly worked overtime, and was refused overtime compensation. (Rec. Docs. 35-4, 35-5, 35-6) Specifically, Case described his duties as follows:

> As a "Vessel Inspector," my duties included inspecting the vessels used by contractors and sub-contractors that were on the site in order to clean up the B.P. oil spill. . . . Specifically, I observed the physical condition of each vessel used by contracts and sub-contractors that were on the site, and filled out Danos standard nine (9) page safety checklist each day with regard to each vessel. . . . Each day, for each boat, I was required to complete the first two pages of the safety inspection checklist in the morning, before vessels began their duties on the clean-up site, and to collect the other half of the safety checklist in the evening, after vessels returned from their duties on the clean-up site. I would then check the vessels paperwork and complete the last page which was an inspection for damage to the vessel and questionnaire for the captain to make sure there were

> no reportable incidents during the day. After
> reviewing and completing I would sign off on the
> entire packet. . . . Once I had completed the
> forms/checklists, I was then required to scan into the
> computer and saved onto a database.

(Rec. Doc. 35-4, pp. 2-3) The two additional affiants describe

substantially the same duties. <u>See</u> (Rec. Doc. 35-5, pp. 2-3;

Rec. Doc. 35-6, pp. 2-3).

Plaintiff Bragg likewise provides her own affidavit as well

as that of six additional plaintiffs who worked as Safety

Technicians in support of her motion. As above, each affiant

states that they worked for Danos as a Safety Technician,

witnessed other Safety Technicians performing substantially the

same duties as their own, received a salary, regularly worked

overtime, and were refused overtime compensation. (Rec. Docs.

36-4, 36-5, 36-6, 36-7, 36-8, 36-9, 36-10) Bragg further stated,

> As a "Safety Tech," my duties included babysitting the
> various contractors and sub-contractors that were on
> the site in order to clean up the B.P. oil spill. . .
> . Specifically, I was responsible for observing other
> contractors that B.P. had on site and ensuring that
> they were complying with the multitude of safety
> regulations and rules imposed by B.P. and various
> governmental organizations for the type of work they
> were doing.

(Rec. Doc. 36-4, p. 3) The six additional affiants describe

substantially similar responsibilities. (Rec. Doc. 36-5, p. 3;

Rec. Doc. 36-6, p. 3; Rec. Doc. 36-7, p. 3; Rec. Doc. 36-8, p.

3; Rec. Doc. 36-9, p. 3; Rec. Doc. 36-10, p. 3)

Consequently, contrary to Defendant's allegations, the Court concludes that Plaintiffs have shown that they have more in common with their putative class members than merely their exempt status and title. The claims of Plaintiffs certainly are not purely personal and exhibit factual and legal nexuses with those of the proposed classes. See Perez v. City of New Orleans, No. 12-2280, 2014 WL 1365955, at *1-2 (E.D. La. Apr. 7, 2014). Defendant's alleged policy of refusing Vessel Inspectors and Safety Technicians overtime pay under the FLSA clearly would have a general effect over all members of the purported class. See id. at *2. Moreover, the affidavits of the additional plaintiffs assure the Court that a putative class exists for each case. See Prejean, 2013 WL 5960674, at *6. The Court therefore finds that each Plaintiff has satisfied their burden of showing that they are "similarly situated" to their respective purported class.

**B. Notice Content and Distribution**

Defendant challenges Plaintiff's proposed notice in the following ways: (1) the applicable period; (2) the omission of the fact that inclusion in the class is conditional upon a later determination of the court that they are "similarly situated"; (3) the length of the opt-in period; (4) the permissibility of a reminder notice; (5) the failure to include fee arrangement; (6) the failure to inform of the potential obligation for

Defendant's costs and expenses; (7) the anti-retaliation provision; (8) the production of telephone numbers, email addresses, and partial social security numbers; and (9) the inclusion of irrelevant language related to minimum wage. (Rec. Docs. 37, 38) In their replies, Plaintiffs disagree with suggestions (1), (2), (3), (4), (6), (8). (Rec. Docs. 43, 45) The Court interprets Plaintiffs' silence as to suggestions (5), (7), and (9) as a concession and, concluding that they are appropriate, approves those changes. *Thus, the notice must include an explanation of the fee arrangement, use Defendant's proposed anti-retaliation language, and omit the Buccaneers cheerleaders' minimum wage litigation language.* The Court will address each of the remaining suggestions in turn.

The parties disagree on the date from which the three-year statute of limitations should be calculated for purposes of ascertaining the putative class members who should receive notice. Defendant argues that the date of the notice should be used because the opt-in plaintiffs' claims would not relate back to Plaintiffs' complaints. Plaintiffs disagree and argue that the date of the complaint should be used, because the timeliness of the claims is properly challenged at a later date. "Courts have not been consistent in whether the time period runs relative to the date of the complaint or relative to the date of the court's order conditionally certifying the matter as a

collective action." <u>Mejia v. Bros. Petroleum, LLC</u>, No. 12-02842, 2014 WL 3530362, at *4 (E.D. La. July 16, 2014). Authority exists in this District for employing the date of the complaint, <u>see</u> <u>id.</u>, and the Court chooses to do the same. Notice should be provided to Vessel Inspectors and Safety Technicians employed by Defendant *within a three-year window preceding the date of the respective complaints*.

Defendant argues that the notice should include language clarifying that the continued participation of those who opt into Plaintiffs' actions is conditional upon the Court determining that they are similarly situated. Plaintiffs disagree and argue that any such additional language would be confusing. <u>See</u> (Rec. Doc. 43, pp. 4-5; Rec. Doc. 45, p. 5)(citing <u>Gani v. Guardian Serv. Indus. Inc.</u>, No. 10 Civ. 4433(CM)(JCF), 2011 WL 167844, at *2 (S.D.N.Y. Jan. 13, 2011)). The Court agrees with Plaintiffs and finds that the additional language regarding the conditional nature of the certification is both potentially confusing and unnecessary and should not be included.

Defendant requests an opt-in period of forty-five days whereas Plaintiff seeks a ninety-day opt-in period. Defendant argues that the shorter period is necessary to avoid delay and because no unique circumstances demand a longer period. Plaintiffs argue that the ninety-day period is necessary to

honor the FLSA's remedial goals and to facilitate notice to scattered plaintiffs who travel for work. <u>See</u> (Rec. Doc. 43, pp. 5-6; Rec. Doc. 45, pp. 5-6)(citing many district court opinions authorizing ninety-day opt-in periods). *The Court finds that a ninety-day opt-in period is appropriate in this case.* <u>See</u> <u>Lima</u>, 493 F. Supp. 2d at 804. As Plaintiffs have noted, this length achieves the FLSA's remedial goals and affords sufficient time to putative class members to educate themselves about the suit and submit their consent forms should they choose to do so, without unduly burdening Defendant.

The parties disagree as to the permissibility of a reminder notice. Defendant argues that a reminder inherently would constitute judicial encouragement to participate in the action. Although the Court does not necessarily agree with that argument, the Court finds that a reminder would be unnecessary in this case because the opt-in period is only ninety days. <u>See</u> <u>Byard v. Verizon West Virginia, Inc.</u>, 287 F.R.D. 365, 373 (N.D.W. Va. 2012)(noting that a sixty-day opt-in period did not warrant a reminder notice).

The parties further dispute whether the notice should notify putative class members of the possibility that they could be liable for Defendant's costs should Defendant prevail. Again, there is authority to support both positions. Although the Court understands the need to allow putative class members to make

informed decisions of whether to join the litigation, the Court finds such language to be unnecessary given the "remote possibility" that costs would be both awarded and other than de minimis. See Guzman v. VLM, Inc., No. 07-CV-1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007). Additionally, "[its inclusion] may have an in terrorem effect that is disproportionate to the actual likelihood that costs . . . will occur in any significant degree." Id. Language regarding the potential liability for costs need not be included in the notice.

Lastly, Defendant objects to Plaintiffs' requests for putative class members' telephone numbers, email addresses, and partial social security numbers. Plaintiffs maintain that telephone numbers and email addresses are necessary to effectuate notice, but they do not challenge Defendant's arguments regarding partial social security numbers. Accordingly, the Court denies Plaintiffs' requests for partial social security numbers unless or until Plaintiffs demonstrate an actual need for them. See Byard, 287 F.R.D. at 376-77. As for the telephone numbers and email addresses, however, the Court agrees with Plaintiffs that they should have access to this information in order to effect notice. See, e.g., Mejia, 2014 WL 3530362, at *4.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motions for Conditional Certification and for Order Permitting Court-Supervised Notice* **(Rec. Docs. 35, 36)** are **GRANTED.**

**IT IS FURTHER ORDERED** that the conditionally-certified class in Civil Action No. 14-2775 shall be defined as: "Individuals who were day-rate paid Vessel Inspector employees at any time during the three years preceding December 8, 2014, and who were subjected to Defendant's practice of failing to pay full and proper time and one half overtime compensation for *all* hours worked in excess of forty (40) in a workweek."

**IT IS FURTHER ORDERED** that the conditionally-certified class in Civil Action No. 14-2976 shall be defined as: "Individuals who were salaried Safety Technician employees at any time during the three years preceding December 30, 2014, and who were subjected to Defendant's practice of failing to pay full and proper time and one half overtime compensation for *all* hours worked in excess of forty (40) in a workweek."

**IT IS FURTHER ORDERED** that Defendant shall have <u>fourteen (14) days from the date of this Order, or through and including May 18, 2015</u>, to produce the full names, last known addresses, telephone numbers, and email addresses of all potential class members, in both paper and electronic form accessible by Microsoft Office Suite.

**IT IS FURTHER ORDERED** that the proposed Notices (Rec. Doc. 35-2; Rec. Doc. 36-2) and the proposed Consent Forms (Rec. Doc. 35-3; Rec. Doc. 36-3) are hereby **APPROVED, subject to the above-mentioned edits**.

**IT IS FURTHER ORDERED** that counsel for the class shall have thirty (30) days from the date of this Order, or through and including June 3, 2015, to transmit the Notice and Consent form to all potential class members via U.S. mail and email, both work and personal (if available).

**IT IS FURTHER ORDERED** that potential class members may opt in to this collective action if: (1) they have mailed, faxed, or emailed their Consent form to counsel for the class within ninety (90) days after the Notice and Consent forms have been mailed out to the class; or (2) they show good cause for any delay.

New Orleans, Louisiana this 4th day of May, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE